UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES SWANN, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   2:25-CV-117-TAV-CRW |
| KRISTY FRASIER, SHERIFF KEITH CASSIDY, and MAYOR OF BLOUNTVILLE, TN, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2]. The record demonstrates that Plaintiff has failed to update the Court as to his current address, despite the Court warning him (1) of the requirement that he do so, and (2) that failure to do so may result in dismissal of this action [Doc. 3, p. 1]. Accordingly, for the reasons set forth more fully below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash*

*R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this case is due to his willfulness or fault. Specifically, more than two weeks ago, the United States Postal Service ("USPS") returned mail the Court sent to Plaintiff with a notation indicating that the USPS was unable to deliver that mail to Plaintiff at the only address he provided the Court [Doc. 2, p. 3; Doc. 5]. And when the Clerk again attempted to send the same mail to Plaintiff at the same address, the USPS returned the mail once again [Docs. 5, 6]. Plaintiff has not communicated with the Court since the USPS first returned this mail more than two weeks ago, and it is therefore apparent that Plaintiff has failed to update the Court as to his most recent address, monitor this case, or diligently prosecute this action, as the Court's Local Rule requires. *See* E.D. Tenn. LR83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently"), even though the Court previously notified Plaintiff of the requirement that he update his address with the Court within fourteen days of any address change, and that dismissal may result from his failure to do so [Doc. 3, p. 1].

As to the second factor, Plaintiff's failure to update his address with the Court has not prejudiced Defendants. But the Court notes that, like the Court, Defendants cannot communicate with Plaintiff about this case without his current address. As to the third factor, as the Court noted above, the Court warned Plaintiff that failure to timely update the Court regarding any address change may result in this action being dismissed. Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff seeks to proceed *in forma pauperis* herein [Doc. 1] and failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**, and Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is therefore **DENIED as moot**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE